IN RE INTEREST OF BRYCE C., A CHILD UNDER
18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, v. JOHN C., APPELLANT.
603 N.W.2d 684

Filed January 4, 2000.    No. A-98-1280.

Richard W. Whitworth, of Wageman & Whitworth, for appellant.

Don Stenberg, Attorney General, Douglas D. Dexter, Special Assistant Attorney General, and David V. Chebatoris, guardian ad litem, for appellee.

IRWIN, Chief Judge, and SIEVERS and CARLSON, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

John C., the natural father of Bryce C., appeals the judgment of the county court for Cass County, sitting as a juvenile court, terminating his parental rights to Bryce. On appeal, John challenges the denial of his motion to dismiss. He contends that the juvenile court lacked jurisdiction to terminate his parental rights due to the failure to establish a factual basis to support his admissions to the allegations of the adjudicatory petition. Prior to the termination hearing in this case, Debbie C., the natural mother of Bryce, relinquished her parental rights. Debbie is not involved in the appeal before us. For the reasons stated below, we affirm.

## II. FACTUAL BACKGROUND ·

The transcript in the case, which includes journal entries summarizing the activity in the case, reflects as follows: On January 31, 1992, a petition was filed requesting that the court take jurisdiction of Bryce pursuant to Neb. Rev. Stat.

§ 43-247(3)(a) (Reissue 1993) because Bryce was without proper support through no fault of his parents, John and Debbie. On February 6, John and Debbie appeared before the court and were informed of their rights and the nature of the proceedings, and counsel was appointed for each parent. On February 13, John and Debbie again appeared, this time with counsel present. John admitted the allegations of the petition, and Debbie denied the allegations. No further action was taken on that date, and the case was set for adjudication.

On February 27, 1992, John and Debbie were present with counsel. At that time, Debbie admitted the allegations of the petition. The journal entry shows that a factual basis was provided by the county attorney for the admissions of John and Debbie. The court found the admissions to be knowingly, voluntarily, and intelligently given and that a factual basis existed to support the admissions. The court accepted the admissions made by John and Debbie. The court then found Bryce to be a juvenile as described by § 43-247(3)(a), ordered a predispositional investigation by the Nebraska Department of Social Services, now the Department of Health and Human Services (DHHS), and ordered DHHS to prepare a rehabilitation plan. John did not appeal from the order of adjudication.

On March 26, 1992, a dispositional hearing was held. The court ordered that Bryce be placed in DHHS' custody for suitable placement. On July 25, 1997, Bryce's guardian ad litem filed a motion to terminate the parental rights of John and Debbie.

In the third amended motion to terminate, which is the operative motion, filed June 22, 1998, the guardian ad litem alleged that John's and Debbie's parental rights should be terminated on the grounds of abandonment, neglect, unfitness, out-of-home placement for 18 months or more, and failure to correct the conditions leading to such placement. Regarding Debbie, the motion also alleged that she was unable to discharge her parental responsibilities due to mental illness or mental deficiency.

On August 5, 1998, John filed a motion to dismiss the termination proceeding due to want of jurisdiction. He contended that because no factual basis was provided at the hearing at which he admitted the allegations of the petition, the court lacked juris-

diction to terminate his parental rights. The transcript shows that a hearing was held on the motion to dismiss on August 12. After such hearing, the court overruled John's motion, finding that based upon its review of the record, John's "admission was accepted by the Court as required by statute and after a factual basis was presented to the Court for his admission to the allegations of the juvenile petition."

The termination hearing was held on September 16 and October 6, 1998. Prior to the receipt of evidence, Debbie executed a relinquishment of parental rights. After testimony was received regarding Debbie's relinquishment, the court accepted her relinquishment. The termination hearing then proceeded as to John. Witnesses included Debbie, Bryce's foster mother, and the DHHS caseworker responsible for Bryce's case. Numerous exhibits were offered. Generally, the evidence showed as follows:

Bryce was removed from his parents' custody in January 1992 when he was approximately 3½ years old. Since Bryce's removal, he has been living with the same foster family. At the time of the termination hearing, Bryce was 10 years old. According to the evidence, Bryce is a well-adjusted child, doing well at home and in school.

At the time of the termination hearing, John was incarcerated in the Texas Penitentiary in Midland, Texas, for attempted sexual assault. On July 20, 1993, he was sentenced to 50 years' imprisonment. Prior to his commitment in Texas, John served a 20 to 60 months' sentence in the Sarpy County jail for a conviction of sexual assault of a child.

No visitation has occurred between John and Bryce since John was transferred to Texas. Prior to this, visitation occurred at the Sarpy County jail. The last visitation occurred in July 1992 at the Sarpy County jail. Since John's incarceration in Texas, John sporadically sent letters and birthday cards to Bryce and telephoned Bryce. John had not called Bryce for 2 or 3 years. On February 5, 1996, John wrote Bryce's foster parents a letter recommending that they adopt Bryce and stating that John would voluntarily relinquish his parental rights if they would send him $789 to work on his criminal case. Since Bryce has been in the custody of DHHS, John has not paid any child support or made any other direct contributions to support Bryce.

After hearing the evidence, the juvenile court terminated John's parental rights. The court found that the guardian ad litem had sufficiently proved that John's parental rights should be terminated pursuant to Neb. Rev. Stat. § 43-292(1), (2), (4), and (7) (Reissue 1998) and that termination of John's parental rights was in Bryce's best interests. From this order, John timely appealed.

## III. ASSIGNMENTS OF ERROR

For John's assignments of error, he contends that the juvenile court erred in overruling his motion to dismiss for lack of jurisdiction and in finding that its failure to establish a factual basis for John's admission to the allegations in the adjudicatory petition did not affect its ability to terminate parental rights.

## IV. ANALYSIS

We address whether the juvenile court properly overruled John's motion to dismiss for lack of jurisdiction. John argues that there was not a proper factual basis to support his admissions to the adjudicatory petition and that therefore, the juvenile court lacked jurisdiction to terminate his parental rights.

Where a jurisdictional question does not involve a factual dispute, determination of the issue is a matter of law, which requires an appellate court to reach a conclusion independent of the inferior court. However, where such a question rests on factual findings, a trial court's decision on the issue will be upheld unless the factual findings concerning jurisdiction are clearly wrong. *In re Interest of Kelley D. & Heather D.*, 256 Neb. 465, 590 N.W.2d 392 (1999); *In re Interest of Floyd B.*, 254 Neb. 443, 577 N.W.2d 535 (1998).

In this case, there is no factual dispute affecting the question of jurisdiction. We are therefore confronted with a question of law and must reach a conclusion independent of the trial court.

In Nebraska, both adjudication and dispositional orders are final, appealable orders. See *In re Interest of Joshua M. et al.*, 251 Neb. 614, 558 N.W.2d 548 (1997). Generally, collateral attacks on previous proceedings are impermissible unless the attack is grounded upon the court's lack of jurisdiction over the parties or the subject matter. *In re Interest of Joshua M. et al.*,

*supra*; *In re Interest of J.H.*, 242 Neb. 906, 497 N.W.2d 346 (1993). The Nebraska Supreme Court has held that the failure of a juvenile court to recite a factual basis for the adjudication at an adjudication hearing causes the juvenile court to lack jurisdiction to later terminate parental rights. See *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992). See, also, *In re Interest of Amanda H.*, 4 Neb. App. 293, 542 N.W.2d 79 (1996) (holding father's motion to terminate jurisdiction should have been granted due to failure to recite factual basis for jurisdiction). However, where it is apparent from the record that a factual basis was established at trial, even if the details of that factual basis are not apparent from the record, the appeal merely becomes an attack on the sufficiency of the factual basis to support the original adjudication. See *In re Interest of C.D.C.*, 235 Neb. 496, 455 N.W.2d 801 (1990). In the absence of a direct appeal from the adjudication order, a parent may not question the existence of the facts on which the juvenile court asserted jurisdiction over the child by appealing from a termination proceeding. See *id.*

Regarding the necessity for a factual basis, Neb. Rev. Stat. § 43-279.01(2) (Reissue 1998) provides:

> After giving the parties the information prescribed in subsection (1) of this section, the court may accept an in-court admission, an answer of no contest, or a denial from any parent or custodian as to all or any part of the allegations in the petition. The court shall ascertain a factual basis for an admission or an answer of no contest.

There is no requirement that the factual basis be provided immediately following the parent's admission.

We note that the bill of exceptions before us does not include a transcription of the hearings at which John admitted the allegations of the petition and at which a factual basis was provided. However, our review of the journal entries shows as follows: On February 13, 1992, John admitted the allegations of the petition. On February 27, a factual basis was provided to support John's admission. The court then found that John's admissions were knowingly, voluntarily, and intelligently given and that a factual basis existed to support the admissions. Thereafter, the court

assumed jurisdiction of Bryce as a juvenile described by § 43-247(3)(a).

On appeal, John does not dispute that a factual basis was provided; he only challenges the timing of the factual basis. We further note that the record before us does not show that before the juvenile court, John in any way disputed the manner in which the admissions were taken, the factual bases given, or the assumption by the juvenile court of jurisdiction.

It is axiomatic that a factual basis must be provided to support an admission. In the present case, a factual basis was established to support John's admissions. Nebraska jurisprudence does not require that the factual basis be provided immediately following a parent's admission, and we decline to add this requirement. Therefore, we conclude that the juvenile court properly acquired jurisdiction and that the juvenile court properly denied John's motion to dismiss. We affirm.

AFFIRMED.